NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3229

HEATHER BENNETT,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

_____

DECIDED:  October 5, 2006

_____

Before MICHEL, <u>Chief Judge</u>, PLAGER, <u>Senior Circuit Judge</u>, and RADER, <u>Circuit Judge</u>.

PER CURIAM.

The Merit Systems Protection Board (Board) affirmed the decision of the Internal Revenue Service's (IRS) to terminate Ms. Heather Bennett for failure to timely pay her 2002 federal income taxes.  Finding no reversible error, this court <u>affirms</u>.

I

Until her termination, the IRS employed Ms. Bennett as a Tax Examining Technician.  In that capacity, Ms. Bennett reviewed and verified the accuracy of federal personal income tax returns by comparing those returns with information the IRS independently received from payers such as banks and employers.  Ms. Bennett timely filed her own tax returns for tax years 2000 and 2001.  Then a routine match of payroll and tax account records by the Employee Tax Compliance Section (ETCS) revealed her

failure to timely pay the taxes owed in those years. On February 23, 2004, Ms. Bennett received a fifteen-day suspension for not fully satisfying the federal personal income tax obligations.

On February 14, 2005, a second routine match of payroll and tax account records by the ETCS revealed Ms. Bennett did not timely pay her taxes for the 2002 tax year. In response to the IRS's request for an explanation, Ms. Bennett informed the IRS that she had issues with her mortgage company that affected her tax obligation. On May 6, 2005, the operation manager issued a notice proposing Ms. Bennett's removal based on her failure to timely pay her 2002 tax liability.

II

This court must affirm any agency action, findings, or conclusions unless they are: (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1996); Hayes v. Dep't of Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984). The Board may grant a petition for review upon discovery of new and material evidence that, despite due diligence, was not available when the record closed. 5 C.F.R. § 1201.115(d)(1)(2006).

In arguing against her removal from the IRS, Ms. Bennett argues: (1) removal is an unduly harsh penalty, (2) she had paid a small installment toward her 2002 tax liability, and (3) the failure to pay for the 2000, 2001, and 2002 tax years could have been incorporated into a single disciplinary action, rather than two actions. The Board, however, cited undisputed evidence that the IRS annually advised all employees that they had a special obligation to comply with federal tax laws, including timely payment.

06-3229                           2

The Board noted that Ms. Bennett was aware of her obligations. The Board also cited testimony of the Field Director for Compliance Services that Ms. Bennett held a frontline position in ensuring taxpayer compliance. Thus, her offense struck at the core of the agency's mission. Accordingly, the Field Director had lost confidence in Ms. Bennett's ability to perform her job duties. The Board further found that Ms. Bennett knowingly and intentionally failed to timely pay all of her 2002 federal personal income tax and this was clearly inconsistent with her job duties and responsibilities. Finally, while acknowledging Ms. Bennett's ongoing financial issues with her mortgage company, the Board found no evidence that Ms. Bennett delayed paying her 2002 taxes due to financial hardship.

Regarding the decision to refrain from incorporating Ms. Bennett's failure to timely pay taxes into a single action, the Field Director gave uncontroverted testimony that the IRS instituted the initial fifteen-day suspension promptly after receiving information from the ETCS regarding tax years 2000 and 2001. The Field Director also testified that the IRS management had not received the information about Ms. Bennett's failure to timely pay taxes during the 2002 tax year from the ETCS until March or April 2005, more than one year after the initial fifteen-day suspension. The Board discerned no evidence that the IRS improperly manipulated the process to take two separate actions rather than a single disciplinary action.

The record contains substantial evidence to support the Board's decision to affirm the IRS's removal of Ms. Bennett. Therefore, this court affirms the Board's decision.